CROSS, Judge.
James D. Smith, Sr., as Executor of the Estate of Max Holley, deceased, and as Executor of the Estate of Mary L. Holley, deceased, seeks through interlocutory appeal review of an order denying a motion to dismiss a second amended petition for determination of beneficiaries and to void documents. We reverse.
Max Holley, Rex Holley and Vivian Holley were the sole surviving children and heirs to the Estate of Loren Holley, who died in 1947. Under their father’s will, each child received, inter alia, a one-third undivided interest on a certain piece of real property located in what is now known as Lake Worth (previously Lucerne), Florida. In 1957, Rex Holley and Vivian Holley, as grantors, executed a deed on behalf of Max Holley, as grantee, granting to Max an undivided one-third interest in the subject real estate. Subsequently, Max Holley entered into a lease agreement for the real property and therein described the lessors as Rex Holley, Max Holley, Vivian Holley and Mary L. Holley, Max Holley’s wife. The lease was executed by Max Holley, as Trustee for Rex and Vivian Hqlley.
Rex Holley died unmarried in 1961, and left his purported one-third interest in said property in equal shares to his brother Max and sister Vivian.
In 1968, Max Holley died and left his interest in the property to his wife, Mary L. Holley. James D. Smith, Sr., the appellant herein, was appointed Executor of the Estate. On April 12,1974 Mary L. Holley died and bequeathed her undivided interest in the property to her children and grandchildren in proportions not here relevant. James D. Smith, Sr. was appointed Executor of her estate also.
Subsequently, on December 17,1974 Vivian Holley, as grantor, executed a quitclaim deed to the property in favor of James D. Smith, Sr., as, Executor of Max Holley’s Estate. This quitclaim deed contained the following recitation:
“This deed is given to correctly express the grantor’s intention with respect to a certain warranty deed from Rex Holley and Vivian Holley, as Grantors, and Max Holley, as Grantee . . . [the 1957 deed]. It was the Grantors’ intention in such deed to each convey an undivided one-third interest in and to the property described in said deed rather than to jointly convey an undivided one-third interest in and to said property.”
Some three months after the execution of this corrective deed, Vivian Holley was declared incompetent and a guardian was appointed to act on her behalf.
A dispute arose between James D. Smith, Sr., as Executor of the Estates of Max Holley and Mary L. Holley, and the guardian of Vivian Holley over certain transactions relating to the subject property. In particular, the guardian took issue with the 1974 corrective deed, which purportedly granted away any interest which Vivian Holley had in the property. After negotiations, on September 2, 1975, James D. Smith, as Executor, and Margaret K. Manner, as Guardian for Vivian Holley, executed a settlement agreement. The terms of the agreement are irrelevant to the instant appeal, except for the fact that they substantially limited Vivian Holley’s rights in the subject property.
Soon after the execution of this agreement, Vivian Holley died. The executrix of the estate thereafter filed a second amended petition for determination of beneficiaries and to void documents, seeking to rescind the 1975 agreement on the grounds that same had been obtained through fraud and misrepresentation. Mr. Smith, as Executor, filed a motion to dismiss the second amended petition urging that the petition as amended failed to state a basis for relief on the claim of fraud and misrepresentation. The trial court, after hearing, denied the motion. This interlocutory appeal then followed.
The sole issue presented for our determination is whether or not the trial court erred in denying appellant’s motion to dismiss the second amended petition.
The primary basis for the claim of fraud lies in the failure of Mr. Smith to make *596 certain relevant disclosures to the Guardian of Vivian Holley prior to the execution of the 1975 agreement. In particular, the petition alleges that Mr. Smith failed to disclose the existence of a restraint on alienation which required the consent of Vivian Holley before any transfer of the property could be made, which was contained in the Will of Mary L. Holley. Also, the petition alleges that Mr. Smith failed to disclose the true assessed value of the property, or that such property was held in trust by Max Holley for the benefit of Rex and Vivian Holley since 1957. Failure to disclose this information is asserted as the basis upon which rescission of the 1974 deed and 1975 agreement is sought.
Appellant urges the view that before a cause of action for rescission based upon failure to disclose material information may be stated, the petition must allege sufficient facts to demonstrate the existence of a duty to disclose such facts. This is an accurate statement of the law in this state. See 14 Fla.Jur., Fraud and Deceit § 29. It is axiomatic that circumstances constituting fraud or mistake must be stated with particularity. Fla.R.Civ.P. 1.130(b). Since the petition alleges fraud based upon failure to disclose material information, it must contain sufficient allegations to establish a duty on appellant’s part to make full disclosure, especially in light of the fact that at the time the agreement was executed, the parties were adversaries in contested litigation. See Columbus Hotel Corporation v. Hotel Management Co., 116 Fla. 464, 156 So. 893 (1934).
The instant petition merely alleges that “James D. Smith, Sr. had a duty to disclose to the guardian the facts as alleged but failed to do so.” This is a statement of legal conclusion unsupported by allegations of ultimate fact, and as such, is insufficient to sustain a cause of action for rescission based on fraud.
Accordingly, the order denying the motion to dismiss the second amended petition is reversed, and the cause remanded with directions to dismiss the second amended petition with leave to amend.
Reversed and remanded.
DOWNEY, C. J., and MOORE, J., concur.